# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: PROGRESSIVE INSURANCE UNDERWRITING
AND RATING PRACTICES LITIGATION     MDL No. _____

## PROGRESSIVE'S MOTION TO TRANSFER
## PURSUANT TO 28 U.S.C. § 1407

Movants, pursuant to 28 U.S.C. § 1407, request an order of the Judicial Panel on Multidistrict Litigation transferring the below listed actions for coordinated or consolidated pretrial proceedings in the United States District Court for the Northern District of Florida, Gainesville Division. Movants seek such transfer and consolidation because (i) the actions share common questions of fact, (ii) consolidation would best serve the convenience of the parties and witnesses, and (iii) consolidation would promote the just and efficient conduct of this litigation. In support of this motion, Movants state as follows:

1.      Movants, all related entities,[1] are defendants in the below actions.

---

[1] The Movants are the Progressive Corporation, Progressive Express Insurance Company, Progressive American Insurance Company, Progressive Consumers Insurance Company, Progressive Southeastern Insurance Company, and Progressive Casualty Insurance Company (collectively, "Progressive").

2. Plaintiffs in each of the putative national class actions described below have alleged virtually identical violations of the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*) ("FCRA") against Progressive. The gravamen of each complaint is that Progressive violated the FCRA by (1) taking adverse action with respect to underwriting automobile insurance (*i.e.*, denying or canceling automobile insurance or increasing the rates charged) based upon information obtained from consumer reports; and (2) failing to provide notice of the alleged adverse action as required by the FCRA.

3. Plaintiffs in each of the below actions claim that they are applicants or current or former policyholders of Progressive aggrieved by the above alleged underwriting practices and failure to provide notice.

4. Each of these plaintiffs also claims such conduct was willful and/or negligent and seeks relief under the same statutory provisions.

5. No class determination has been made in any of the actions.

6. Pursuant to J.P.M.L. Rule 7.2(a)(ii) a schedule of the actions is annexed as Schedule A.

**The Florida Action**

7. On November 11, 2000 a class action entitled *Smith, et al. v. The Progressive Corporation, et al.*, Case No. 01 00 CA 4077, was filed in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida, and was removed on December 7, 2000 to the United States District Court for the Northern District of Florida, Gainesville Division and assigned Case No. 1:00-CV-210-MMP ("Florida Action"). A copy of the First Amended Complaint filed in that action on or about December 20, 2002 ("Florida Complaint") is annexed, pursuant to J.P.M.L. Rule 7.1(g), in the accompanying

Appendix as Exhibit 1. Aside from adding a sub-class of Florida residents, the First Amended Complaint does not differ materially from the original complaint filed in state court.

8.  The Florida plaintiffs allege: "[t]his is a class action seeking damages from Progressive . . . *for denying and canceling automobile insurance, and increasing their charges for automobile insurances, based on information in consumer reports without making certain disclosures to applicants in violation of the [FCRA]*." Ex. 1, Florida Complaint ¶ 11 (emphasis added).

9.  The Florida plaintiffs allege a national class defined as:

> Residents of the United States of America who on or after January 1, 1997, were denied, canceled, or charged increased rates for insurance by The Progressive Corporation and/or the Progressive Subsidiaries, based in whole or in part on information in consumer reports without disclosures being provided to the as required by the Fair Credit Reporting Act.

Ex. 1, Florida Complaint ¶ 56.

10. In the more than two years it has been pending, significant merits discovery has been taken and dispositive motion practice has occurred in the Florida Action. Plaintiffs have conducted significant discovery of Progressive, particularly with respect to company-wide FCRA compliance – including document production, two rounds of detailed interrogatories responded to by Progressive, and the deposition of four Progressive corporate representatives. Progressive has conducted document discovery and taken the depositions of the three named plaintiffs.

11. On December 28, 2001 one of the Florida plaintiffs moved for summary judgment, which after substantial briefing and a hearing on March 27, 2002 was denied

by presiding Judge Paul. Consequently, Judge Paul has a thorough knowledge of the material facts at issue and governing law in this litigation.

12.     On December 27, 2002 the Florida plaintiffs moved for national class certification. No class determination has yet been made.[2]

**The Oregon Action**

13.     On October 2, 2001 a class action entitled *Dikeman, et al. v. The Progressive Corporation*, Case No. CV 01-1465 JE, was filed in the United States District Court for the District of Oregon ("Oregon Action"). A copy of the class action complaint filed in that action ("Oregon Complaint") is annexed, pursuant to J.P.M.L. Rule 7.1(g), in the accompanying Appendix as Exhibit 2.

14.     The Oregon plaintiffs allege a putative class action "on behalf of all purchasers of automobile insurance from [Progressive] from January 1998 to date" and, like the Florida plaintiffs, claim violations of the notice provisions of the FCRA, to wit:

> defendant has used information contained in consumer reports when underwriting policies for automobile insurance . . . . [and] *has taken adverse actions with respect to plaintiffs and those similarly situated based on this information, but failed to provide the notification of the adverse action as required by the [FCRA]*.

Ex. 2, Oregon Complaint ¶ 3 (emphasis added).

15.     Like the Florida plaintiffs, the Oregon plaintiffs allege that Progressive willfully violated the FCRA notice requirement that "users of consumer reports . . . provide oral, written or electronic notice of any adverse action taken with respect to any consumer that is based in whole or in part on information obtained in a consumer report."

---

[2] Progressive, in its response to the class certification motion (due February 14, 2003) – in addition to opposing class certification at this time – will ask the Court to defer ruling on class certification until the Panel decides this motion to transfer.

Ex. 2, Oregon Complaint ¶¶ 8-10 (citing 15 U.S.C. § 1681(m)); *compare* Ex. 1, Florida Complaint ¶ 11-13, 74-79.

16. As in the Florida Action, plaintiffs in the Oregon Action seek damages pursuant to 15 U.S.C. § 1681(n). *See* Ex. 1, Florida Complaint ¶¶ 14, 79 and Prayer for Relief; Ex.2, Oregon Complaint ¶¶ 11, 12.

17. On February 20, 2002 the Oregon Action was stayed pending further developments in the Florida Action; as a result, all activity was stayed until a status conference was held on October 22, 2002. After nine months of inactivity, discovery is now underway with trial anticipated in the first quarter of 2004. No class certification motion has been filed.

**The Louisiana Action**

18. On November 18, 2002 a class action entitled *Cooley v. Progressive Insurance Co.*, Case No. CV 02 2384-S, was filed in the United States District Court for the Western District of Louisiana ("Louisiana Action"). A copy of the class action complaint ("Louisiana Complaint") is annexed, pursuant to J.P.M.L. Rule 7.1(g), in the accompanying Appendix as Exhibit 3.

19. As did plaintiffs in the Florida and Oregon Actions, the Louisiana plaintiff alleges a putative class action composed of all

> persons who have had adverse action from defendant, in the form of failure to provide Ultra Preferred rating and premium, on any of the various policies issued by defendant, and where the adverse action taken was based in whole or in part on information contained in the consumer reports of the class members and *proper disclosure was not made to the class members, applicants and policyholders. ion accordance with the Equal Credit opportunity Act and Fair Credit Reporting Act*, both of which mandate adverse action notification.

5

Ex. 3, Louisiana Complaint ¶ 28 (emphasis added).

20. As with the Florida and Oregon Actions, the crux of plaintiff's complaint in the Louisiana Action is Progressive's use of consumer reports in its underwriting practices and Progressive's failure to provide the statutory notice of any adverse action in violation of the FCRA. *See* Ex. 3, Louisiana Complaint, ¶¶ 12-15, 20, 22-25, 28, 30; *compare* Ex. 1, Florida Complaint ¶ 11-13, 74-79 *and* Ex. 2, Oregon Complaint ¶¶ 8-10.

21. Plaintiff names an non-existent Progressive entity as the sole Defendant in the Louisiana Action. Progressive has just been served in the Louisiana Action, and its deadline to respond to the complaint is January 26, 2003.

**The Texas Action**

22. On or about November 25, 2002 a class action entitled *Carlson v. Progressive Insurance Co.*, Case No. 02-CV-2552, was filed in the United States District Court for the Northern District of Texas ("Texas Action"). A copy of the class action complaint filed in that action ("Texas Complaint") is annexed, pursuant to J.P.M.L. Rule 7.1(g), in the accompanying Appendix as Exhibit 4.

23. Plaintiff in the Texas Action is represented by the same counsel as plaintiff in the Louisiana Action, and the Texas Complaint is identical to the Louisiana Complaint – save the name of the plaintiffs and the dates of the alleged harm.

24. The Texas Plaintiff, as did the Louisiana Plaintiff, names a non-existent Progressive entity as the sole Defendant. Like the Louisiana Action, the Texas Action was just recently filed and is in a nascent stage with only the complaint having been filed – **Defendant has not yet been served in the Texas Action**.

25. The above actions all rely upon a single legal theory – violation of the FCRA due to the alleged adverse actions taken by Progressive with respect to underwriting insurance and its alleged failure to provide proper notice of same. The factual determinations with respect to Progressive's actions will be virtually identical across all of the actions.[3] Similarly, the governing law is identical in each.

26. Transfer and consolidation with the Florida Action provides the benefit of having significant discovery immediately available to the transfer plaintiffs, as well as a Judge who, having had full briefing and oral argument on one plaintiff's motion for summary judgment, is well versed in the facts and law at issue in these actions. Plaintiffs in the Florida Action have recently filed an amended complaint – providing the transfer plaintiffs the opportunity to join the proceedings at an early enough stage in the litigation so as not to be prejudiced by being compelled to join advanced proceedings.

27. Transfer will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary. In this way, transfer will promote the just and efficient conduct of the actions.

---

[3] While plaintiffs in the Louisiana and Texas Actions make passing reference to violation of the adverse action notification requirement of the Equal Credit Opportunity, factual determinations of such violations under that statute are identical to those made under the FCRA.

7

WHEREFORE, Progressive requests an order, pursuant to 28 U.S.C. § 1407, of the Judicial Panel on Multidistrict Litigation transferring the following cases (i) *Dikeman, et al. v. The Progressive Corporation*, Case No. CV 01-1465 J (D. Oregon), (ii) *Cooley, et al. v. Progressive Insurance Co.*, Case No. CV 02 2384-S (W.D. La.), and (iii) *Carlson, et al. v. Progressive Insurance Co.*, Case No. 02-CV-2552 (N.D. Tx.) to the United States District Court for the Northern District of Florida, Gainesville Division, for consolidation with *Smith, et al. v. Progressive Corporation*, Case No. 1:00-CV-210-MMP (N.D. Fla.) for coordinated or consolidated pretrial proceedings.

**GREENBERG TRAURIG PA**
Barry Richard, Esq.
Glenn T. Burhans, Jr., Esq.
101 East College Avenue
Tallahassee, Florida 32302
(850) 222-6891 (Tel.)
(850) 681-0207 (Fax)

_____
BARRY RICHARD

*Counsel for the Progressive Corporation, Progressive Express Insurance Company, Progressive American Insurance Company, Progressive Consumers Insurance Company, Progressive Southeastern Insurance Company, and Progressive Casualty Insurance Company*

In Re: Progressive Insurance Underwriting
and Rating Practices Litigation

## SCHEDULE A

## SCHEDULE OF ACTIONS

1.  *Cathryn Smith, Margaret Jones, and Laura Sprague v. The Progressive Corporation, Progressive Express Insurance Company, Progressive American Insurance Company, Progressive Consumers Insurance Company, Progressive Southeastern Insurance Company, and Progressive Casualty Insurance Company*, Case No. 1:00-CV-210-MMP (N.D. Fla., Gainesville Division), Honorable Maurice M. Paul, U.S.D.J., presiding.

2.  *Sharele Dikeman and Michael Whitman v. The Progressive Corporation*, Case No. CV 01-1465 JE (D. Oregon, Portland Division), Honorable Anna J. Brown, U.S.D.J., presiding.

3.  *Paul K. Cooley v. Progressive Insurance Co.*, Case No. CV 02 2384-S (W.D. Louisiana, Shreveport Division), Honorable Donald E. Walter, U.S.D.J., presiding.

4.  *Timothy James Carlson v. Progressive Insurance Co.*, Case No. 02-CV-2552 (N.D. Texas, Dallas Division), Honorable Jerry Buchmeyer, U.S.D.J., presiding.

\* \* \* \* \*

\\tal-srv01\219838v01

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: PROGRESSIVE INSURANCE UNDERWRITING
AND RATING PRACTICES LITIGATION                    MDL No. _____

## PROOF OF SERVICE AND FILING

The undersigned certifies that on January 22, 2003, a copy of the accompanying *Progressive's Motion to Transfer Pursuant to 28 U.S.C. § 1407* was served via **U.S. Mail** upon the following:

### Counsel for Cathryn Smith, Margaret Jones and Laura Sprague:

Terry A. Slimjanich, Esq.
W. Christian Hoyer, Esq.
**James, Hoyer, Newcomer & Smiljanich, P.A.**
One Urban Centre, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609

Douglas Bowdoin, Esq.
**Beusse, Brownlee, Bowdoin & Wolter, P.A.**
390 N. Orange Avenue, Suite 2500
Orlando, Florida 32801

Rod Bowdoin, Esq.
**Darby, Peele, Bowdoin, Payne & Kennon**
327 North Hernando Street
P.O. Drawer 1707
Lake City, Florida 32056

Ron Parry, Esq.
**Parry Deering Futscher & Sparks P.S.C.**
128 East Second Street
PO Box 2618
Covington, Kentucky 41012

Howard Finkelstein, Esq.
**Finkelstein & Krinsk**
501 W. Broadway, Suite 1250
San Diego, California 92101

**Counsel for Sharele Dikeman and Michael Whitman:**

N. Robert Stoll, Esq.
Steve D. Larson, Esq.
**Stoll Stoll Berne Lokting & Schlachter P.C.**
209 SW Oak Street, Fifth Floor
Portland, Oregon 97204

Charles A. Ringo, Esq.
4085 SW 109th Avenue
Beaverton, Oregon 97005

**Counsel for Paul K. Cooley:**

David A. Szwak, Esq.
**Bodenheimer, Jones, Szwak & Winchell, LLP**
401 Marshall Street, Suite 240
Shreveport, Louisiana 71101

**Counsel for Timothy James Carlson:**

David A. Szwak, Esq.
**Bodenheimer, Jones, Szwak & Winchell, LLP**
401 Marshall Street, Suite 240
Shreveport, Louisiana 71101

The undersigned further certifies that on January 22, 2003, a copy of the accompanying *Progressive's Motion to Transfer Pursuant to 28 U.S.C. § 1407* was filed via **Federal Express Overnight Delivery** with the following:

    Clerk of the Court
    United States District Court
      for the Northern District of Florida
    401 S.E. First Avenue
    Gainesville, Florida 32601

    Clerk of the Court
    United States District Court
      for the District of Oregon
    1000 S.W. Third Avenue
    Portland, OR 97204-2902

Clerk of the Court
United States District Court
　for the Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101-3083

Clerk of the Court
United States District Court
　for the Northern District of Texas
1100 Commerce, 14th Floor
Dallas, Texas 75242

**GREENBERG TRAURIG P.A.**
Barry Richard, Esq.
Glenn T. Burhans, Jr., Esq.
101 East College Avenue
Tallahassee, Florida 32302
(850) 222-6891 (Tel.)
(850) 681-0207 (Fax)

_____
**BARRY RICHARD**

*Counsel for The Progressive Corporation,*
*Progressive Express Insurance Company,*
*Progressive American Insurance Company,*
*Progressive Consumers Insurance Company,*
*Progressive Southeastern Insurance*
*Company, and Progressive Casualty*
*Insurance Company*

\\tal-srv01\220420v01